**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony MALONE, Defendant–**
**Appellant.**

No. 03–3131.

United States Court of Appeals,
Sixth Circuit.

Jan. 3, 2005.

Thomas O. Secor, Asst. U.S. Attorney, U.S. Attorney's Office, Toledo, OH, for Plaintiff–Appellee.

Paul L. Geller, Scalzo, Cherry, Geudtner & Geller, Toledo, OH, for Defendant–Appellant.

Before MOORE and GIBBONS, Circuit Judges, and RICHARD MILLS, District Judge.*

GIBBONS, Circuit Judge.

Anthony Malone appeals the sentence imposed upon his plea of guilty to one count of unarmed robbery in violation of

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-

nois, sitting by designation.

18 U.S.C. § 2113(a). At sentencing, the district court determined that, due to Malone's two previous convictions for controlled substance offenses, he was to be sentenced as a career offender pursuant to United States Sentencing Guideline ("USSG") § 4B1.1. The court then granted Malone's request for a downward departure pursuant to USSG § 4A1.3 based on a finding that Malone's criminal history category substantially overrepresented the seriousness of his criminal history and reduced his total offense level by five points. Thereafter, the district court sentenced Malone to an imprisonment term of 102 months and three years of supervised release.

On appeal, Malone argues that the district court failed to apply properly the sentencing guidelines in refusing to grant a greater downward departure. A defendant's appeal from a final sentence is governed by 18 U.S.C. § 3742.

Upon review, we conclude that Malone's argument does not fit within the confines of § 3742. It is well established in this circuit that this court lacks jurisdiction to hear an appeal "contesting the extent of a downward departure as such appeals do not fall under 18 U.S.C. § 3742." *United States v. Nesbitt*, 90 F.3d 164, 166 (6th Cir.1996); *United States v. Gregory*, 932 F.2d 1167, 1168–69 (6th Cir.1991). Because the sentencing judge was obviously aware of his ability to depart downward from the sentencing guidelines, evidenced by the fact that he granted Malone a five level departure, the extent of the downward departure is not reviewable. *See Nesbitt*, 90 F.3d at 166.

Accordingly, we hereby dismiss the appeal for a lack of jurisdiction and affirm Malone's conviction and sentence.